## Commonwealth v. Gibson

*Rolf W. Bienk, Assistant District Attorney,* for Commonwealth.
*Larry Kalikow,* for defendant.

LIPSITT, *J.,* August 18, 1980—This proceeding posits the intricacy of determining the validity of a conviction under the homicide by vehicle act, Vehicle Code, 75 Pa.C.S.A. §3732. In addition, defendant herein, Fred E. Gibson, has been convicted of a violation of the Vehicle Code, to wit, accidents involving death or personal injury, 75 Pa.C.S.A. §3742. Together with these misdemeanors was a citation for a summary offense.

After dismissal of an omnibus pretrial application which incorporated two distinct motions seeking dismissal of the information drawn to the charge of homicide by vehicle at no. 133 C.D. 1980 and seeking suppression of evidence, the cases went to trial after waiver of a jury. It may be noted the pretrial motions raised the issue of the constitutionality of the legislation, the sufficiency of the information which as originally drafted failed to include any language to the effect that the cause of

death was due to violation of the Vehicle Code (the court allowed a corrective amendment) and the admission of inculpatory statements by defendant.

The evidence presented revealed that at approximately 7:44 p.m. on January 10, 1980 a silver pickup truck operated by defendant collided with a minibike operated by Brian Joyce, a 13 year old boy, in the 4800 block of Derry Street, Swatara Township, Dauphin County, Pa. Joyce was thrown from the bike and died shortly thereafter en route to the Harrisburg Osteopathic Hospital.

Defendant testified that although he felt an impact while travelling on Derry Street, he did not stop at the scene thereof because he was unaware he had struck either another vehicle or a person. He maintained he observed no object on the roadway in the area of his vehicle and believed the impact he felt was caused by a pothole. Defendant also testified that prior to the impact, he did not hear any noise indicating the presence of a motorcycle or minibike, and he did not hear any loud noise accompanying the impact. Further, he stated the truck's windows were closed, the heat and blower were on and the radio was playing. He said he was travelling within the posted speed limit, had his truck's head lights and rear lights on and was paying close attention to the road. Defendant also testified he did not realize he might have struck a person or vehicle until he heard a report on the 11:00 p.m. television news. After a conversation with his wife, she called the Swatara Township Police Department and said her husband wanted to talk to the police about the accident.

At the scene, the police investigation recovered a parking light from a Chrysler product, a piece of chrome with certain letters and a number. Upon

their arrival at the home of defendant, the police noticed a burgundy and silver Dodge pickup truck with damage on the right front, the right front parking light was missing and letters and a number identifying the type of vehicle matching those found at the scene were missing from the right side.

The police then took a statement from defendant wherein he admitted that he was involved in the accident and that he failed to stop and was driving while under suspension.

Based upon this information, the criminal charges of homicide by vehicle and accident involving death or personal injury were brought, and a citation was issued charging him with the summary offense of driving while operating privilege was suspended or revoked in violation of section 1543 of the Vehicle Code, 75 Pa.C.S.A. §1543.

In addition to the testimony given by defendant, he called as witnesses two sisters who stated that less than an hour before the accident they encountered Brian Joyce who was operating a minibike on the wrong side of the street. According to them, Joyce was extremely difficult to observe inasmuch as he was wearing dark clothing and the minibike had no source of illumination. There was further testimony the minibike was low to the ground, was black in color and the collision occurred at nighttime.

There were two other witnesses called by the Commonwealth, one of whom stated he was standing in front of a 7-Eleven store on Derry street when he heard a loud bang and saw a flying object near the right front of a silver pickup truck. When he investigated he found the minibike in the westbound lane of Derry Street and the young boy, Brian Joyce, lying near the curb in the same lane of

traffic. He reported the incident to a Swatara Township police officer who was in the 7-Eleven store. He described the lighting at the time of the accident as being fairly good because of the lighting on the street and the light that came from the store. Another Commonwealth witness who was inside the store was unable to testify he heard any noise at all. There was also some conflict between the various witnesses as to the degree of lighting.

For the purpose of this discussion, it must be pointed out that the Commonwealth witness who observed the happening of the accident stated he did not see the truck being operated in any erratic fashion, and there was no evidence that immediately after the impact defendant was driving in other than a safe and cautious manner.

The sole basis for the homicide by vehicle charge was the fact that at the time of the fatal accident defendant's operating privilege was suspended.

After hearing the testimony, this court found defendant guilty of both homicide by vehicle and failure to stop after an accident involving death or personal injury. Thereafter, post-verdict motions for a new trial and in arrest of judgment were timely filed, and the various matters are now before the court for disposition.

The first contention by the defense is that section 3732 of the Vehicle Code improperly imposes strict criminal liability and thus violates due process under the Pennsylvania and United States Constitutions.

Section 3732 of the Vehicle Code, 75 Pa.C.S.A. §3732, provides:

"Any person who unintentionally causes the death of another person while engaged in the viola-

tion of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

An appeal involving the precise issue raised herein is presently pending before the Supreme Court of Pennsylvania, allocatur having been granted in the case of Com. v. Barone, _____ Pa. Superior Ct. _____, 419 A. 2d 457 (1980). However, because of the traditional delays in the disposition of cases before the Supreme Court, it is deemed desirable for the parties and in the interest of justice not to await action by the Supreme Court.

In Barone, supra, the full Superior Court split sharply on this question, issuing three separate opinions. The opinion of the court, President Judge Cercone, joined by Judge Cavanaugh, expressed the view that the legislature in enacting the aforesaid provision did not intend to create a strict liability offense. Rather, it "intended to reach those violations in which there has been a 'gross deviation' from the required standard of care." The opinion examined the legislature's use of the word "homicide" and held a degree of culpability was intended. This construction of the aforecited statute would preclude any serious constitutional attack thereon based upon due process grounds.

In a concurring opinion, Judge Spaeth, joined by Judge Hoffman, concluded the statute was intended to impose strict criminal liability and as such, a conviction thereunder would involve punishment by imprisonment, thus the provision was violative of due process.

The dissenting opinion, authored by Judge Wieand, joined by Judge Price and Judge Hester,

held that the legislature sought to impose strict criminal liability, and the omission of a mens rea requirement did not render the statute unconstitutional.

While Barone, supra, provides no definitive ruling, it does establish that five judges of the Superior Court felt the statute imposed strict liability, but four judges interpreted the strict liability provision as invalid either on constitutional grounds or because some degree of culpability is required. After reviewing the facts and evidence in the present case, a determination may be made without resorting to either constitutionl or culpability issues.

An analysis of the statute as correctly detailed in the dissenting opinion in Barone discloses that the offense of homicide by vehicle includes three elements which must be proven beyond a reasonable doubt. These are (1) a violation of a law or ordinance relating to the operation of a motor vehicle, (2) the death of another person and (3) a causal connection between the violation and the death. While the proof adduced at trial in the current situation clearly establishes beyond a reasonable doubt the first two elements delineated above, the third element is indeed questionable.

The sole motor vehicle violation which defendant committed at the time of the fatal accident was his driving while his operating privilege was suspended. Unless defendant's driving while his license was suspended can be said to have caused the death of Brian Joyce, the conviction must be overturned.

The Commonwealth's position is that a causal connection did exist between the violation and the death because if defendant had not been on the highway driving his motor vehicle, the victim would not have been struck. In order for the court to

adopt this reasoning, it must apply what may be called a "but for" test of causation. Section 303(a) of the Crimes Code, 18 Pa.C.SA. §303(a), states that conduct is the cause of a result when it is an antecedent but for which the result in question would not have occurred and the relationship between the conduct and result satisfies any additional causal requirements imposed by the Crimes Code or by the law defining the offense. It is true that if defendant had been abiding by the terms of the suspension, he would not have been operating his truck on the evening in question and could not have been involved in the accident which caused the death of Brian Joyce. There is a problem, however, with the "but for" test to determine if the element of causation was established herein. Our appellate courts have consistently repudiated its use in the context of a criminal case. In Com. v. Root, 403 Pa. 571, 580, 170 A. 2d 310 (1961), the Supreme Court declared: ". . . the tort liability concept of proximate cause has no proper place in prosecutions for criminal homicide and more direct causal connection is required for conviction. . . ." See also Com. v. Sisca, 245 Pa. Superior Ct. 125, 369 A. 2d 325 (1976); Com. v. Barone, supra, concurring opinion of Judge Spaeth, fn. 1. If the test of "proximate cause" cannot be applied to determine causation in a criminal case, a fortiori, the "but for" test cannot be so invoked.

While the Pennsylvania appellate courts have made clear that proof which will suffice to prove causation in a civil negligence case will not necessarily suffice to prove causation in a criminal case, they have not evolved a standard guideline for determining when the causal connection is sufficiently direct so as to warrant criminal liability.

Indeed, as succinctly stated by the Pennsylvania Supreme Court in Com. v. Sisca, supra, at 130: "The element of causation . . . depends upon the facts and circumstances of each individual case."

In the case at bar, although the evidence showed that "but for" the violation of section 1543 of the Vehicle Code the accident would not have occurred, it failed to show that that violation affected the manner of operation by defendant of his vehicle in any way so as to directly bring about the accident. There was a lack of any evidence defendant was driving in any manner which might be termed careless, reckless or negligent. Actually the only evidence was to the contrary. Finally, it must be heeded that section 303(d) of the Crimes Code, 18 Pa.C.S.A. §303(d), provides: "When causing a particular result is a material element of an offense for which absolute liability is imposed by law, the element is not established unless the actual result is a probable consequence of the conduct of the actor."

Under the provisions of section 107 of the Crimes Code, 18 Pa.C.S.A. §107, section 303 is applicable to offenses defined by the Crimes Code or "by any other statute."

Accordingly, if causation is a material element herein, the Commonwealth was obligated to prove the death occurred as a probable consequence of defendant's driving the automobile while his operator's privilege was suspended. The Commonwealth did not prove this. Thus, the conviction of guilt on the charge of homicide by vehicle must be overruled.

On the charge of accident involving death or personal injury, defendant is alleged to have violated section 3742 of the Vehicle Code, 75 Pa.C.S.A. §3742, which reads in part:

"The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). . . ."

Defendant contends he is not guilty of this offense because the Commonwealth failed to prove he had knowledge of the accident. Of course, if this court accepted the testimony of defendant to the effect that he did not observe the deceased before or after the collision, was unaware of any person or vehicle on the roadway and had no reason to believe he was involved in an accident resulting in injury or death of another person, then his conviction could not be sustained. However, in evaluating the sufficiency of the evidence and viewing the same in a light most favorable to the Commonwealth as the verdict winner, the Commonwealth has proven beyond a reasonable doubt that defendant knew he was involved in a traffic accident at the time and knew he should have stopped but failed to do so. The evidence as presented was sufficient to show there was adequate lighting in the vicinity of the accident, that a person could have heard and felt the impact and a person could and should have seen an object flying through the air in the area of the right front fender of the truck. The evidence did reveal the contact was sharp enough to knock a group of chrome letters and a number off the right front fender of defendant's truck which gives credence to the Commonwealth's argument that defendant's attention must have been drawn to the right side of this truck by the sound at the point of impact.

Thinking he hit a pothole may be plausible under some circumstances but in the situation existing here, it is not conceivable. Defendant upon listening to the news was undoubtedly moved by his conscience to have his wife call the police and report his involvement in the accident. Thus, the verdict of guilty on this charge filed to no. 133(a) C.D. 1980 shall be sustained.

In accord with this discussion, we enter the following

## ORDER

And now, August 18, 1980, the motion in arrest of judgment is granted in connection with the charge of homicide by vehicle filed to no. 133 C.D. 1980; the motions in arrest of judgment and for a new trial are denied in connection with the charge of accident involving death or personal injury filed to no. 133(a) C.D. 1980.

The district attorney is directed to call defendant, Fred E. Gibson, for sentencing relative to the charge of accident involving death or personal injury and the summary offense of driving while suspended indexed to no. 133(a) C.D. 1980 and no. 133(b) C.D. 1980, respectively.